IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GERARD IZQUIERDO, *individually and derivatively on behalf of* MERLIN TEST TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SHANGHAI LINGCE ELECTRONIC TECHNOLOGY CO., LTD., YUE LIN, YUN YU, GREG BELCIK, WEIYI WANG, RONGXUAN SHAO, GUO MING CHEN, HAI BO YU, and SHENZHEN GOLDEN HA-TECH ELECTRONICS CO., LTD.,<br><br>Defendants. | § § § § § § § § § § § § § § § § | 1:23-CV-1175-RP |

**<u>ORDER</u>**

Defendant Yun Yu ("Yu") removed this case on September 28, 2023. (Dkt. 1). Before the

Court is Plaintiff Gerard Izquierdo's ("Izquierdo") Motion to Remand. (Dkt. 17). Yu filed a

response, (Dkt. 19), and Izquierdo filed a reply, (Dkt. 20). Yu also filed a motion to amend the

notice of removal, (Dkts. 12, 14),[1] and Izquierdo filed a response in opposition to that motion, (Dkt.

18). Having considered the briefing, the applicable law, and the record, the Court grants Izquierdo's

motion to remand and moots Yu's motion to amend.

**I. BACKGROUND**

This case involves a complicated dispute between corporations and executives at those

corporations over alleged trade secrets. The Court begins by noting that this is the second time that

this case has been removed to this Court and much of the background in this order has been

---

[1] Yu filed two motions to amend his notice of removal on the same day. (Dkts. 12, 14). Both motions appear to be the same, with the only difference being that the second motion, (Dkt. 14), has a second exhibit containing an amended index of documents filed in state court, (Dkt. 14-2). For simplicity, all future references to Yu's motion to amend will be to the motion in docket entry 14.

incorporated from this Court's previous order remanding this case. *See* Order, *Izquierdo v. Shanghai Lingce Elec. Tech. Co.,* 1:23-CV-00793-DC (W.D. Tex. Aug. 29, 2023) (*Izquierdo I*), ECF No. 29.

Merlin Test Technologies, Inc. ("Merlin U.S.") is a Bastrop, Texas-based technology company operating in the semiconductor testing industry. (Second Am. Pet., Dkt. 1-1, at 235, 240). Through much of its history, Shanghai Lingce Electronic Technology Company ("Merlin China") was Merlin U.S.'s largest customer, until a dispute arose between the two companies' leadership in 2022. (*Id.* at 240). At the time he brought suit, Izquierdo was the founder and a majority shareholder of Merlin U.S., as well as the president of the company and a member of its board of directors. (Original Pet., Dkt. 1-1, at 6–7).

Izquierdo filed this suit on May 31, 2023, in the 21st Judicial District of Bastrop County, Texas, individually and derivatively on behalf of Merlin U.S. (*Id.* at 6). Izquierdo brought claims for, among other things, misappropriation of trade secrets under state and federal law, breach of contract, and breach of fiduciary duty. (*Id.* at 17–28). His claims were brought against Yu, who was the majority shareholder of Merlin U.S. and a member of its board of directors; Defendant Yue Lin ("Lin"), the majority shareholder and president of Merlin China; and Merlin China. (*Id.* at 6–8, 17–28). On June 20, 2023, Izquierdo amended his petition to expand his claims and request a temporary restraining order ("TRO") and temporary injunction for the alleged purpose of protecting Merlin U.S.'s trade secrets. (First Am. Pet., Dkt. 1-1, at 34–74). His First Amended Petition also added claims against, among others, Defendant Greg Belcik ("Belcik"), who replaced Izquierdo as president of Merlin U.S. after Izquierdo was ousted from his role as president. (*Id.* at 50–51, 64–67).

On June 21, 2023, Izquierdo obtained a TRO from the state court, which was aimed at protecting the misappropriation of trade secrets. (First TRO, Dkt. 1-1, at 98–101). Two days later, the state court revoked Izquierdo's TRO without explanation. (Ex. 5, Dkt. 17-1, 19–23). On July 11, 2023, Belcik filed his answer and moved for a TRO, temporary injunction, and permanent

injunction in order to access the very trade secrets that the state court previously restrained him from accessing. (Belcik's App. TRO, Dkt. 1-1, at 175–84). The following day, Izquierdo filed a motion for the state court to reconsider his application for a TRO. (Pl.'s Mot. Recons., Dkt. 1-1, at 191–99). Faced with competing applications for TROs, the state court sided with Izquierdo and entered another TRO in his favor. (Second TRO, Dkt. 17-1, at 31–34).

On July 14, 2023, Belcik removed this case for the first time to this Court, where it was presided over by United States District Judge David Counts. Notice of Removal, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 1. The basis for Belcik's removal was diversity jurisdiction. *Id.* Belcik also immediately filed a motion for a TRO, temporary injunction, and permanent injunction, in which he requested relief that had just been denied by the state court. Belcik's Second Mot. TRO, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 4. In response, Izquierdo filed his first motion to remand the case to state court, arguing that Belcik's removal was defective in several ways. Mot. Remand, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 18. While the first motion to remand was pending, Merlin U.S. and Belcik filed a separate suit on August 21, 2023, against Izquierdo, Merlin China, and others in this Court, also asserting federal claims for misappropriation of trade secrets and other claims. Compl., *Merlin Test Techs., Inc. et al v. Shanghai Haojiaqing Info. Tech. Co., et al*, 1:23-cv-00982-DII (W.D. Tex. Aug. 29, 2023) (the "Parallel Litigation"), ECF. No. 1. On August 29, 2023, Judge Counts granted the motion to remand, finding that Belcik had waived his right to removal by seeking affirmative relief from the state court and essentially asking this Court for "appellate review of an adverse state court ruling." Order, *Izquierdo I*, 1:23-CV-00793-DC, ECF No. 29.

On the same day, after the case was remanded to state court, Izquierdo filed his Second Amended Petition, in which he added Merlin U.S. as a defendant and added a claim for refusal to permit inspection of books and records under Texas law. (Second Am. Pet., Dkt. 1-1, at 235–83). Izquierdo also removed the federal trade secrets claim he had previously asserted, now choosing to

proceed solely with state law claims. (*Id.*). The following day, on August 30, 2023, Belcik filed a motion for TRO and preliminary injunction in the Parallel Litigation, in which he made his third request for the same relief previously denied by the state court. Mot. TRO, *Merlin Test Techs.*, 1:23-cv-00982-DII, ECF. No. 10. Meanwhile, on September 19, 2023, the state court reinstated its TRO in favor of Izquierdo and set a hearing on Izquierdo's application for a temporary injunction for September 29, 2023. (Ex. 19, Dkt. 17-2, at 767–770). However, the day before the hearing was to take place, Yu removed this case once again to this Court on the basis of federal question jurisdiction. (Notice of Removal, Dkt. 1, at 2). Shortly thereafter, the parties filed the current motions: Yu's motion to amend his notice of removal, (Dkt. 14), and Izquierdo's motion to remand, (Dkt. 17).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. Accordingly, a federal court must remand a case back to state court (1) if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal; or (2) if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Accordingly, contested issues of fact and ambiguities of law are resolved in favor of remand. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F. 3d 242, 249 (5th Cir. 2011).

# III. DISCUSSION

The present motions to amend and remand are intertwined in that they involve various questions that bear on the propriety of removal and the issue of remand. Yu seeks leave to amend his notice of removal so that he can assert an additional ground for federal jurisdiction, diversity jurisdiction, in addition to federal question jurisdiction which he stated in his original notice of removal. (Mot. Amend, Dkt. 14, at 2). Izquierdo opposes amendment, arguing that the motion to amend is untimely and the proposed amendment is futile. (Pl.'s Resp., Dkt. 18, at 1).

In his motion to remand, Izquierdo argues that remand is proper for two reasons: (1) There is no federal question jurisdiction because the operative pleading at the time of removal was the Second Amended Petition, which no longer contains a federal claim; and (2) Yu's notice of removal is untimely because he filed it after his thirty-day deadline had passed. (Mot. Remand, Dkt. 17, at 10–12). Izquierdo also requests that the Court require Yu to pay Izquierdo costs and expenses under 28 U.S.C. § 1447(c) because removal was objectively unreasonable. (*Id.* at 17). In opposition, Yu offers several reasons why removal was proper: (1) Izquierdo's First Amended Petition was the operative complaint and thus there is federal question jurisdiction because that pleading contained a federal claim; (2) Diversity jurisdiction also exists because Merlin U.S. is improperly joined as a defendant; and (3) Removal was timely. (Def.'s Resp., Dkt. 19, at 6, 11–16). Yu also opposes the awarding of costs and fees related to removal. (*Id.* at 19).

In sum, the parties raise many issues related to the second removal of this case to federal court.[2] Ultimately, the Court is satisfied that Izquierdo is correct in arguing that Yu's removal was untimely. Accordingly, there is no need to address the other issues raised, and the Court will grant

---

[2] Izquierdo also briefly raises another potential defect to removal: Belcik cannot consent to Yu's removal because this Court has ruled that he waived his right to remove and thus the rule that all defendants must consent to removal cannot be met in this case. (Mot. Remand, Dkt. 17, at 16 n.5); *see also* 28 U.S.C. § 1446(b)(2).

Izquierdo's motion to remand on the basis that removal was untimely and thus procedurally defective. As the Court finds that Yu's notice of removal is untimely, the Court will also moot Yu's motion to amend. The Court will first analyze the timeliness issue and then conclude by addressing Izquierdo's request for attorney's fees.

## A. Timeliness of Removal

A defendant must file a notice of removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading," or, "if the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The thirty-day period for removal begins "only upon service of a summons or other authority asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999). "Untimely removal is a defect in removal procedure." *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) (quoting *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992)). As such, an order to remand is proper when there has been an untimely filing of the notice of removal. *See, e.g.*, *Decatur Hosp. Auth.*, 854 F.3d at 297; *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124, 126–27 (5th Cir. 1982).

The parties contest when Yu's thirty-day window for removal began and whether Yu's notice of removal, filed on September 28, 2023, was filed within that window. Izquierdo argues that the notice of removal is not timely because the Original Petition revealed the removability of this case and thus Yu's thirty-day window began when he received that pleading. (Mot. Remand, Dkt. 17, at 13). Yu, however, contends that he was never properly served both the Original Petition nor the First Amended Complaint and therefore this Court's order remanding the case on August 29, 2023, began his clock for removal. (Def.'s Resp., Dkt. 19, at 8–9). The Court agrees with Izquierdo.

The first issue to address is whether the case pleaded in Izquierdo's Original Petition was removable; for if it was, then Yu would have had to file the notice of removal within thirty days from his receipt of the Original Petition. The Court finds that the Original Petition was removable on diversity jurisdiction grounds. *See* 28 U.S.C. §§ 1332(a), 1441. Complete diversity existed between the parties as Plaintiffs Izquierdo and Merlin U.S. are residents of Texas, whereas on the defense side, Merlin China and Lin are residents of China and Yu is a resident of Canada. (Original Pet., Dkt. 1-1, at 7–8). The amount in controversy also exceeded $75,000 as the Original Petition detailed how millions of dollars are implicated in this dispute. (*See id.* at 9–28). Yu concedes that the case was initially removable on diversity grounds. (Def.'s Resp., Dkt. 19, at 8). The Original Petition was also removable on federal question grounds because Izquierdo asserted a claim under the federal Defend Trade Secrets Act.  (Original Pet., Dkt. 1-1, at 25). Yu could have removed on this ground even though at that stage in the litigation, the Defend Trade Secrets Act claim was not asserted against him, (*id.*). *See Solis v. Chase Bank USA, N.A.*, No. EP-05-CA-453-DB, 2006 WL 487855, at *2 (W.D. Tex. Feb. 8, 2006) (allowing a defendant to remove a case based on federal question jurisdiction when the only federal claim pleaded was against another defendant). Therefore, because the Original Petition was removable on the basis of both diversity and federal question jurisdiction, Yu's thirty-day window to remove this case began when he received service of the Original Petition.

The second issue is then when Yu received service of the Original Petition and if he removed thirty days after the date of service. Izquierdo asserts that Yu was served with the Original Petition on June 16, 2023, which would have made his deadline to remove this case July 17, 2023. (Mot. Remand, Dkt. 17, at 13). Yu argues that he did not remove at this time because he contested service of the Original Petition. (Def.'s Resp., Dkt. 19, at 8). Yu, however, does not provide any evidence to suggest that the June 16 service was invalid, nor does he explain in his response what aspect of the service was insufficient. Instead, he makes conclusory statements in his notice of

removal and his response to the motion to remand that the validity of the service "is being contested." (*Id.* at 8; Notice of Removal, Dkt. 1, at 4). When this case was first removed to this Court by Belcik, Yu filed a motion to dismiss for insufficient process pursuant to Fed. R. Civ. Pro. 12(b)(5) in which he seemed to contest the service of only the First Amended Petition, not the Original Petition. Mot. Dismiss, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 8. In its motion to remand, the Court declined to address this motion and mooted it.[3] Order, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 29. However, there is currently no motion from Yu contesting service pending in this Court, and there is no indication that there was one pending in state court at the time of removal. (*See* Mot. Remand, Dkt. 17, at 14 n.4). Yu notes that he "intends to renew his 12(b) Motions to Dismiss following the second, and proper, removal of this lawsuit." (Def.'s Resp., Dkt. 19, at 8). But the Court cannot credit Yu's argument that he was not properly served with the Original Petition June 16, 2023, if he presents no evidence or briefing to support that argument. Instead, the Court credits the arguments and evidence that Izquierdo presents that Yu was properly served on June 16, 2023.

Under Texas law—which governs the issue of service here as the case was still in state court at the time of the contested service—"service may be effectuated upon a party in a foreign country if service is made . . . pursuant to the terms of any applicable treaty or convention." *Velasco v. Ayala*, 312 S.W.3d 783, 792–93 (Tex. App.—Houston 2009, no pet.); Tex. R. Civ. P. 108a. Because both the United States and Canada are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention on Service"), it is applicable to the present action. *Dimensional Commc'ns, Inc. v. OZ Optics Ltd.*, 218 F.Supp.2d 653, 655 (D.N.J. 2002). Under Article 10 of the Hague Convention on Service, a person competent to effect judicial service

---

[3] In the Court's order granting remand, Judge Counts also noted that Yu's motion to dismiss for insufficient service was unsigned by counsel in violation of Fed. R. Civ. Pro. 11. Order at 2 n.3, *Izquierdo I*, 1:23-cv-00793-DC, ECF No. 29.

in Ontario, Canada may effect the service of judicial service in that province,[4] and the United States Court of International Trade has noted that personal service is an accepted method of service in Ontario and the preferred method of service throughout Canada, *United States v. Islip*, 22 C.I.T. 852, 862 (1998). Under Texas law, any person authorized by law who is not less than eighteen years old, not a party to a case, and not interested in the outcome of a suit may serve process in that suit. Tex. R. Civ. P. 103. In Ontario, the rules of civil procedure do not expressly state who is competent to effect service of process. However, those rules "do not proscribe government officials or even private persons from effecting service of process." *Islip*, 22 C.I.T. at 862.

Izquierdo attaches to his motion an affidavit from a process server who attests that he personally served Yu with the copy of the citation and the Original Petition at his home in Ontario, Canada on June 16, 2023. (Lanctot Decl., Dkt. 17-1, at 2). The process server attests that he routinely serves legal process in Ontario and has worked as a process server in Ontario for over twelve years. (*Id.*). He also attests that he is over the age of eighteen, is not a party in the case, and has no interest in the outcome of the case. (*Id.*). Therefore, the process server was competent under Texas and Canadian law to serve process on Yu. Further, personal process on Yu at his home in Ontario was effective under Texas law, the Hague Convention, and Ontario's service rules. Although Yu may still harbor doubts as to the sufficiency of the service, those arguments are not presently before the Court. Because the Court must construe any doubts about the propriety of removal in favor of remand, the Court must find any potential, contested issues related to the

---

[4] *See* Convention Done at the Hague, Nov. 15, 1965, 20 U.S.T. 361, Art. 10(b), (c) (allowing service done by "competent persons of the State of Destination" so long as the state of destination does not object); *Canada – Central Authority & Practical Information*, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=248 (last updated Oct. 4, 2023) (noting that Canada has not objected to Article 10(b) or 10(c) of the Hague Convention on Service); *see also United States v. Islip*, 22 C.I.T. 852, 862 (1998) (interpreting Article 10(b) and (c)'s "competent person" provision broadly); *Knelson v. Toyota Motor Corp.*, No. 2:07CV358, 2008 WL 11441700, at *2 (E.D. Tex. Feb. 20, 2008), *report and recommendation adopted by* 2008 WL 11441701 (E.D. Tex. Mar. 13, 2008) (similar). Ontario's service rules also do not forbid this type of service of process. *See Dimensional Commc'ns*, 218 F.Supp.2d 653 at 656.

effectiveness of the service in favor of Izquierdo, the party seeking remand. *See Gasch*, 491 F.3d at 281–82; *Cuevas*, 648 F. 3d at 249. Accordingly, the Court finds that Yu was properly served with the Original Petition on June 16, 2023.

The Court concludes that Yu's thirty-day timeline for removal began when he was served the Original Petition on June 16, 2023. Because he filed his notice of removal on September 28, 2023, 104 days later, his removal was untimely. Therefore, Yu's removal was procedurally defective, and this Court will grant Izquierdo's motion to remand. *See Decatur Hosp. Auth.*, 854 F.3d at 296–97.

## B. Attorney's Fees

The Court concludes by briefly addressing Izquierdo's request for attorney's fees under 28 U.S.C. § 1447(c). Izquierdo argues that an award of attorney's fees is warranted because Yu's notice of removal "lacks any basis in law or fact" and was seemingly done to undermine the state court's power to enter injunctive relief against him. (Mot. Remand, Dkt. 17, at 17). Yu counters that his counsel "concluded from existing case law" that he had an objectively reasonable basis for removal, rendering attorney's fees inappropriate. (Def.'s Resp., Dkt. 19, at 19). Izquierdo counters that Yu's counsel's subjective state of mind is not relevant because the test is whether there was an objectively reasonable basis for removal. (Reply, Dkt. 20, at 10).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *Am. Airlines, Inc. v. Sabre, Inc.,* 694 F.3d 539, 541–42 (5th Cir. 2012). The decision about whether to award attorney's fees under this provision is at the full discretion of the court.

*Howard v. St. Germain,* 599 F.3d 455, 457 (5th Cir. 2010); *Redus v. Univ. of the Incarnate Word*, 61 F. Supp. 3d 668, 679 (W.D. Tex. 2014).

As it stated at a status conference held in this case on October 5, 2023, (Minute Entry, Dkt. 11), the Court is concerned about possible gamesmanship in this case given the numerous removals that have occurred, the timing of those removals in relation to state court proceedings, and the tendency for parties to request this Court to enter injunctive relief that seems to undermine orders issued by the state court. That being said, the Court is not convinced that the standard for an award of attorneys' fees has been met in this case. Although the Court has found that remand is necessary because Yu's notice of removal was untimely, there were various other arguments that Yu made that the Court has declined to address for reasons of efficiency: arguments on whether the First or Second Amended Petition was the operative pleading in this case and accordingly whether federal question or diversity jurisdiction existed. Based upon its review of the briefing of those arguments, the Court cannot conclude that Yu's removal lacked a basis in law or fact.

Nor can the Court conclude that Yu lacked a reasonable basis for removal even as to the issue of timeliness which the Court did address and reject. The foundation of Yu's argument was that service of the Original Petition was improper, though Yu did not properly explain why he believed this was so. Because the Court does not know why Yu believed service was improper, the Court cannot definitively conclude that Yu lacked an objectively reasonable basis for the argument that he removed in a timely fashion. Accordingly, the Court in its discretion denies Izquierdo's request to award him attorney's fees as part of the Court's order to remand.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Izquierdo's Motion to Remand, (Dkt. 17), is **GRANTED**. This case is **REMANDED** back to the 21st Judicial District of Bastrop County, Texas.

**IT IS FURTHER ORDERED** that Yu's Motion to Amend the Notice of Removal, (Dkts. 12, 14) is **MOOT**.

The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on December 11, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE